May it please the Court, Philip Smith on behalf of the Petitioner, Mr. Miles McLeod. Mr. Smith, what is the status of the Oregon proceedings at the moment? The post-conviction proceedings are currently in front of the trial court. The Oregon Court of Appeals has remanded now for a determination of whether or not Mr. McLeod was given affirmative misadvice in the underlying proceeding because there was an intervening Oregon Supreme Court case. And they remanded it to the Court of Appeal and then the Court of Appeal remanded it to the trial court? That's where it's at now, yes, Your Honor. And do you have any idea when that will be decided? Well, we don't know when it will be decided. We actually anticipate that it's going to be decided relatively soon. We think, in fact, the Oregon trial court has issued a letter of opinion that it looks like they're going to deny the post-conviction claim. So we anticipate that's going to happen fairly soon, frankly. Let's assume that does happen. Then where are we? Well, at that point, he would have a conviction. However, because at the time what the court is looking at is what was in front of the Board of Immigration Appeals and where the situation was in front of the Board of Immigration Appeals. And so this subsequent proceeding doesn't impact how the court reviews this case that's in front of it. I would assume that if the Oregon trial court determines that he's not entitled to post-conviction relief, that the government would move to remand to the BIA. They did that once, didn't they? Well, it was remanded once for us. Yes, because the case was proceeding in the Supreme Court. And then the government asked and we did remand, didn't we? The government asked that it remanded previously. Yes. And we think actually because they tended to agree with our position that the board had not properly considered the fact that the conviction had been vacated. Yes. However, our position would be at this point remand would not be appropriate because under the Immigration and Nationality Act 242, the judicial review section, the court is not to remand for additional fact-finding. And essentially that would be this would be additional fact-finding at this point. So what would you say if they now said that they were wrong and that his conviction is final? What would you expect us to do? Say that the board was wrong in saying it was final when it wasn't? And then what would happen? Then you'd expect a new proceeding? Well, I think our argument would then be that the new proceeding should be barred through res judicata, because they had an opportunity previously that the agency could have waited. But now that they went forward prematurely, which would be our position, then they are now barred from bringing the same a new deportable removability case based on essentially the same charge. So and. Well, then you had some very creative arguments during this case. Well, if we go to the original, Your Honor, the central question of whether or not the state conviction remained valid for immigration purposes after the state court had vacated the conviction on the merits, that issue, that question was directly before Judge Panner in the Oregon District Court. It was necessarily decided by Judge Panner against Respondents. It was between the same parties. Both sides had an opportunity to fully litigate that issue. Both sides had an opportunity. You mean in the habeas action? In the habeas claim. Okay. Did he really decide it on the merits, or did he talk about the likelihood of success? I'm sorry? Did he decide it on the merits, or did he decide it on the basis of likelihood of success? He decided on the merits. He found that he did not have a conviction. At that time, he did not have a conviction for immigration purposes. The U.S. attorney that represented the Respondent agreed with that position. And so because he did not have a conviction for immigration purposes, he was not subject to mandatory detention. Let me ask you this. Take a case where the board acts while the direct conviction is on appeal, and it really isn't final. And the board says, well, we think it's final, and we'll order you deported. And then the next week, the Supreme Court of the state says it is final. You say they're barred forever then from deporting them? We look at the state of affairs at the time the board makes its decision. If the board acts prematurely, and they were wrong, then they're permanently barred from deporting them because of that conviction. That would be our position, Your Honor, that they have gone forward, they've litigated that issue, and they are barred from bringing new removal, a second removal proceeding, on the exact same underlying charge in the first proceeding. That's sort of a totally different issue than has been briefed before us, and I'm not sure whether we'll need briefing on it, but I don't think that's been briefed by either side, has it? Well, it's not present here yet. Yet, but it will be soon. Quite possibly, quite possibly. But what's present here, the question of the collateral estoppel, we think applies. The board gave two reasons for why it found collateral estoppel did not apply in its decision. The board stated, one, the district court judge did not decide the issue of deportability when he found that the conviction was no longer valid for immigration purposes. And so that was correct, right? That was absolutely correct. But if there's no collateral estoppel to apply, there's not a requirement that it be identical. And the underlying factual issue, which is, did he have a conviction that was valid for immigration purposes, that was decided. The second question, then, is the board said, well, the district court judge did not decide the effect of the state court appeal. However, that was a necessary part of his determination, that the conviction was no longer valid for immigration purposes. And so one, collateral estoppel should apply. Secondly, there's been an argument about whether or not the post-conviction hearing statute in Oregon, when the state appeals. Once the trial court makes a decision that's favorable to the client, to the petitioner, that what the Oregon Court of Appeals does is really irrelevant. That's correct. That's correct. That's our position. And certainly there's the board and this Court clearly recognizes that if once a conviction is vacated on the merits, it's no longer valid for immigration purposes. Until the Oregon Court of Appeals versus the trial court. At this point, that's happened, yes. So, I mean, the current situation is not the situation presented in the brief, or really the issue before the court right now. All right. Take off your argument to me quickly, would you? I'm sorry, Your Honor? Take off your argument to me quickly. The argument is the as when the state court entered the judgment vacating the conviction, then the conviction is no longer valid for immigration purposes. And that was the sole basis for it. Forever. Under the doctrine of race judicata, and if we extend this court in at least two different cases, has applied race judicata going forward to find that a second removal proceeding cannot be brought on the exact same claim. And we would also point to the Sixth Circuit's decision in the Pickering case, which reached a similar result. And if they choose, I mean, that really isn't before the court at this point. So once the state court made a favorable ruling, that ends it? That should. Well, if the agency has already brought the proceeding and has made a finding based on essentially prematurely, if the finding is made at the time there exists a state court judgment vacating the conviction, the conviction is not valid at that point, and the person is not subject to being removed if they don't have a conviction. I see. Okay. Then if the BIA comes after them again, then race judicata blocks them. That is going to be our argument. I mean, assuming that's what happens. And you've already gotten a tentative decision ruling that's adverse to your client. Yes, Your Honor. Okay. Thank you. Thank you. May it please the Court. Kosei Igumori for the United States Attorney General. This petition for review should be denied because the board properly concluded that petitioner is removable for having been convicted of a controlled substances offense. Now, the primary issue before this Court here. Let's assume that you were to lose on that point, that we disagreed with your view as to the Oregon statute and the Oregon cases. Then we would get to the next question. If it subsequently, if the trial court's decision is subsequently reversed by the Oregon courts, what would you have us do and what do you think your authority is? Well, this Court should remand under those circumstances, Your Honors. If there's a change in circumstances that materially affect the case, that runs extrinsically parallel to the case that is before this Court in a petition for review, if that changes the circumstances in which the Court must re-review the circumstances of the case to determine a conviction or removability, then the board is the proper venue in which that should occur, Your Honors. Therefore, remand would be appropriate in that case. However, as Petitioner's counsel has stated, the trial court has not made that decision. And in fact, the trial court seems to indicate that it's going to deny that post-conviction relief, Your Honors. The primary issue before this Court here is whether the State's appeal of Petitioner's post-conviction relief stayed the effect of that grant of relief. But before we delve into the technical aspects of the case, it is emphasized that the State of Oregon considers and treats Petitioner as convicted of a controlled substances offense. And thus, the following explanation serves to discuss what should be a foregone conclusion, that Petitioner is, in fact, convicted of a controlled substances offense and thus is removable for having been convicted of that offense. A conviction is defined under Federal immigration law as a judgment of guilt by the alien entered by the Court or where, as here, the alien has pleaded guilty, where the trial court imposes some form of punishment or otherwise a restriction on the alien's liberty. Well, it's certainly not just because the trial court does it. If the trial court's decision is reversed, then he hasn't been convicted. And the question is, has he been convicted finally? Yes, Your Honors. If the trial court, if there's a conviction, then the conviction is finally, Your Honor. And this Court has stated in Morales-Alvarez in 1981 that a conviction is a conviction for immigration purposes, even if it is subject to collateral attack or subsequent modification. And this is precisely what occurred here. There's a non-final decision on Petitioner's post-conviction relief. It is non-final, Your Honor. It is a collateral attack on a conviction that's been proven beyond a reasonable doubt of Petitioner's crime for a controlled substances offense, notably a Class B felony punishable for up to 10 years in prison, Your Honors. Here it is. But if it were vacated and collateral attack, it wouldn't be a final conviction. Yes, Your Honor. Certainly. So if he had just, if the State had dropped it after the trial court's decision and the collateral attack, you wouldn't be able to deport him? Yes, Your Honor. And that's consistent with the Board's decision in matter of Adam May Act of 2006. So the only question is whether the appeal meant that we disregard the trial court's action or whether we treat it as being effective. No, Your Honor. It's not a disregard of the trial court's actions. The trial court's action is stayed while the appeal is pending, Your Honors. Well, it may be stayed for certain purposes or it may not be stayed at all. That's the issue. And the question is what does Oregon law provide? Your Honors, the Oregon law is clear, Your Honor. The post-conviction statute under which a State appeal provides that the manner of taking an appeal shall be governed by the laws for criminal actions. And criminal actions under Oregon revised statute, the criminal – That has to do with the manner of taking appeal. And there are two cases that very narrowly define what manner of taking appeal means. Yes, Your Honor. And manner of taking appeal means procedural. And here this is a procedural rule. Well, so is the time for taking appeal procedural. And the Oregon court said time is not included within manner. And so the costs for – costs for appeal are procedural. But the court said that's not included within manner. Yes, Your Honor. And the timing for filing an appeal is different than the procedure for an appeal. And here the procedure for an appeal is that the State in a civil action would have to appeal in the court of appeals and file a motion to the trial court, whereas here that bifurcated procedure is no longer, Your Honors. The State does not have to file a motion. Which is a long way from saying whether it stays the effect of the action. It does stay the effect, Your Honors, because the – Why? Who said so? The Oregon revised statute provides under the appeals section for criminal procedures. You mean the new statute? No, Your Honors. The new statute is under the post-conviction statute. Okay. The cross-reference statute, Your Honors, under the appeals provision provides that the State's appeal automatically stays the effect of any judgment in favor of the defendant. And that's precisely – The criminal statute. Yes, Your Honor. Not the civil statute. No, Your Honors. Not the civil statute. Okay. And what all it says about the criminal statute is that the procedural aspect is the same. It's done in the same manner. Yes, Your Honor. Yes. And the Oregon courts have said manner is a very narrow measure. It doesn't apply to the two things I mentioned to you earlier, for instance. The Oregon State courts have not stated that the effect of an appeal is not procedural, Your Honor. And the fact that the Oregon State courts treat Petitioner as convicted of a controlled substances offense shows that the government's interpretation of Oregon State law is precise. Petitioner pleaded guilty in 2001. He claims that his conviction was vacated in 2003, and yet the Oregon State trial court sentenced him to six months in prison in 2004 for his – for violating his parole terms in – for his conviction in 2001. Certainly there's a conviction. Well, can't you do that – can't you do that even on direct appeal, even though it's not final, if he's serving his probation and he violates it? Yes, Your Honor. Can't you do that before it's final? Yes, Your Honor, because the conviction – Okay. So that doesn't tell us anything about whether it was final. Well, it – well, this Court has explained in Morales-Alvarez in – in 1981 that a direct appeal is – there's a non-final conviction as long as the alien timely appeals through the direct – through direct – Yes, but he could have his probation revoked. Yes, Your Honor. However, here, this is a collateral attack on Petitioner's conviction. Petitioner – Okay. Go ahead. The fact is, Your Honor, there's a conviction for Oregon State purposes, and there's necessarily a conviction for immigration purposes as decided by the Board. The Board looked at the procedural history of the case, looked at the collateral consequences, the collateral attacks that Petitioner has maintained against his  Federal immigration laws, which provides that there only need a plea of guilty and some imposition of punishment or restriction, and there's certainly that in this case. To the extent Petitioner argues that collateral estoppel barred the Board from considering the matter of conviction, this argument is without merit, first and foremost because this Court should not impose its determination, its – its determination of res judicata upon the agency. The agency has found res judicata to be applicable, but not by the same standards as this Court, Your Honors. And regardless of whichever standard applies, the district court did not have jurisdiction over the issue of whether there was a conviction. And second of all, the – the manner of conviction, the – the issue of conviction was not necessarily and actually litigated before the district judge. The district judge specifically noted in his transcript, in his decision, that he was not making a – a finding on removability. And as Your Honor has mentioned, he was more – he was talking about the likelihood of success, not necessarily the fact that he was not convicted of a – of a controlled substance's offense. And it should be noted that Petitioner filed this habeas petition while the issue was pending before the Board, and thus there was no final order of removal in which any Federal court would have jurisdiction to hear, Your Honors. And thus Petitioner's argument for collateral estoppel should not be accepted by this Court. And for those reasons, this petition for review should be denied, Your Honors. Thank you. Thank you very much. Just briefly, Your Honors. With – with regards to the stay provision, the new amended Oregon statute has now added a provision that does allow for an automatic stay. But that provision did not exist at the time of this case. We would also – and with regards – if I can just go back to this race judicata issue, the – the court in Bravo-Pedroza last year issued a published decision. And if I – just the opening, it says, This case presents the question of whether race judicata bars the Secretary of Homeland Security from initiating a second deportation case on the basis of a charge that he could have brought in the first case, when, due to a change in the law that occurred during the course of the first case, he lost the first case. We hold that the Secretary is barred. So there is at least some support, Your Honor, for the – for the idea that race judicata would apply in this context. And finally, we would say that the Board has looked at the case three times. It should – does not need to go back for a fourth time. What's important is the situation of the case at the time the Board made its decision. And at that time, he did not have a conviction that was valid for immigration purposes. Thank you. Thank you. And the matter stands submitted, and the court will adjourn until –
judges: Pregerson, Reinhardt, Marshall